IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PEDRO HERNANDEZ GALLARDO**                    **PETITIONER**

**V.**                                  **CIVIL ACTION NO. 3:17CV708 TSL-LRA**

**WARDEN L. SHULTS[1]**                               **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is a petition for relief under 28 U.S.C. § 2241, filed by Petitioner Pedro Gallardo, who is incarcerated in the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi, serving a term of imprisonment imposed by the United States District Court for the Southern District of Florida. Petitioner seeks to utilize the limited exception provided in the savings clause of 28 U.S.C. § 2255(e) to challenge the legality of his sentence. Because sentencing challenges do not fall within the scope of the savings clause of § 2255(e), the undersigned recommends that the petition be dismissed with prejudice for lack of jurisdiction.

Petitioner pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, distribution of methamphetamine, possession with intent to distribute methamphetamine, and the possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 924(c)(1)(A)(i).

---

[1] The proper respondent in habeas challenges is the custodian of the petitioner. 28 U.S.C. §§ 2242-2243. At the time of filing, Petitioner correctly named Respondent as the warden at FCC-Yazoo. Because he has since been replaced, his successor is automatically substituted. Fed. R. Civ. P. 25(d).

Because of a prior drug conviction, he was sentenced to concurrent 240-month terms of imprisonment for his violations of § 841(a)(1), and a consecutive 60-month term for his violation of § 924(c)(1)(A)(i), for a total of 300 months.  His sentence was enhanced pursuant to 21 U.S.C. § 841(b) and § 851.  Aggrieved, Petitioner filed multiple post-conviction motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which have all been denied.  *See Hernandez-Gallardo v. United States*, No. 1:12-CV-20971 (S.D. Fla. Dec. 7, 2015); *Hernandez-Gallardo v. United States*, Nos.1:16-CV-21500, 1:16-CV-22768 (S.D. Fla. Aug. 19, 2016); *and*, *In re Pedro Gallardo*, Nos. 16-12701-J, 16-12994-J, and 16-13372-J (11th Cir. Jun. 14, 2016).

Petitioner now asserts that he is entitled to proceed under the savings clause of 28 U.S.C. § 2255(e) based on the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) (holding "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ["ACCA"] violates the Constitution's guarantee of due process").[2]  Gallardo appears to assert that his sentence has been invalidated by *Johnson* because he has no qualifying prior felony conviction or serious drug offenses.  He also appears to assert that his guilty plea was involuntary because the Section 851 enhancement utilized by the government was

---

[2] The Armed Career Criminal Act, 18 U.S.C. § 924(e) imposes a 15-year mandatory minimum sentence on certain federal defendants who have three prior convictions for a "violent felony" or "serious drug offense." The residual clause of the ACCA defines "violent felony" as "conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

contrary to the plea agreement. Because this Court lacks jurisdiction to review a § 2241 petition that challenges the validity of a sentence, the petition should be dismissed.

A federal prisoner may seek post-conviction relief under either § 2241 or § 2255, but the mechanisms are distinct. *St. Junius v. Boyle*, 729 F. App'x 326 (5th Cir. 2018) (citing *Pack v. Yuseff*, 218 F. 3d 448, 451 (5th Cir. 2000)). A § 2255 petition is "the primary means of collaterally attacking a federal sentence," and is properly brought in the district of conviction, while a § 2241 petition "is used to challenge the manner in which a sentence is executed" and is properly brought in the district of incarceration. *Robinson v. United States*, 812 F.3d 476 (5th Cir. 2016) (internal quotation marks and citation omitted). However, if a prisoner can show that the § 2255 remedy would be "'inadequate or ineffective to test the legality of [the prisoner's] detention,'" he may be permitted to bring a habeas corpus claim pursuant to § 2241 under the savings clause of 2255 (e). *See Reyes–Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001) (quoting § 2255). To invoke this exception, a petitioner must make a two-prong showing: (i) that his claim is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense;" and, (ii) that his claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 904. Gallardo can make no such showing here. He has not identified a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense.

Contrary to his assertions, Gallardo's sentence *was not* enhanced pursuant to the residual clause of the ACCA like the petitioner in *Johnson*. *See Beckles v. United States*, 137 S. Ct. 886 (2017) (*Johnson* challenge does not extend to Sentencing Guidelines).

While Petitioner attempts to base his § 2241 claim on actual innocence, we note that the Court of Appeals for the Fifth Circuit has long held that "a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." *In re Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011); *see also Preston v. Ask-Carlson*, 583 F. App'x. 462, 463 (5th Cir. 2014) ("[C]laims relating to sentencing determinations do not fall within the savings clause and are not cognizable under § 2241, even where the petitioner asserts a 'miscarriage of justice' or actual innocence relating to the alleged sentencing errors.").

In sum, Petitioner challenges the validity of his sentencing enhancement. As such, his claims "must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him" – the Southern District of Florida. *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (citing *Cox v. Warden,* 911 F.2d 1111, 1113 (5th Cir. 1990)). Although his post-convictions motions have been unsuccessful to date, Gallardo cannot rely on § 2241 to avoid the procedural bars of § 2255. Neither a prior unsuccessful § 2255 motion, nor the inability to meet AEDPA's "second or successive" requirement, renders § 2255 inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Because Gallardo fails to make the showing needed to bring his claims within the savings clause of § 2255 (e), the undersigned recommends that the petition be dismissed with prejudice for lack of jurisdiction.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on December 27, 2019.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
